Filing # 151956185 E-Filed 06/22/2022 11:11:19 AM

IN THE CIRCUIT COURT OF THE 15TH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

CIRCUIT CIVIL

CASE NO.:
DIVISION:

JP 2051 7/7/2022 10:23

DR. MARK ROBERT GARDNER,

Plaintiff,

vs.

THE CITY OF WEST PALM BEACH, a municipal corporation by its Mayor, KEITH A. JAMES; and BRITTANY TATUM, an Employee with the City of West Palm Beach,

Defendants.
______________________________________/

COMPLAINT

The Plaintiff, DR. MARK ROBERT GARDNER by and through his undersigned counsel, hereby files this lawsuit against the Defendants, THE CITY OF WEST PALM BEACH, a municipal corporation, by its Mayor, KEITH A. JAMES; and BRITTANY TATUM, an Employee with the City of West Palm Beach and states as follows:

JURISDICTION AND ALLEGATIONS COMMON
TO ALL COUNTS AND DEFENDANTS

1. Plaintiff, Dr. Mark Gardner ("Gardner"), is an adult who resides in Palm Beach County, Florida and is a retired dermatologist who practiced in Palm Beach County, Florida for 22-years, 16 of which were practiced in Palm Beach County, Florida.

2. The City of West Palm Beach (hereinafter "The City") is a municipal corporation formed under the laws of the State of Florida and is located within the confines of Palm Beach County, State of Florida.

EXHIBIT B

3. Brittany Tatum (hereinafter "Tatum") is an adult over the age of 18 years and was employed as a police officer / detective by The City at the time of all material allegations made herein.

4. All of the material events asserted as part of this claim occurred within the geographical confines of the City of West Palm Beach and the County of Palm Beach, Florida.

5. Each Count of this Complaint alleges a separate cause of action seeking damages in excess of $30,000, exclusive of costs or attorneys' fees.

6. As to the claims against The City, Plaintiff has complied with the provisions of Chapter 768.28, Florida Statutes as required and said claim was not resolved.

7. Venue is proper as at all times material to the allegations contained in this Complaint. Gardner was a resident of West Palm Beach, Palm Beach County, Florida and the allegations made against Gardner occurred in West Palm Beach, Palm Beach County, Florida.

## STATEMENTS OF THE CASE

8. Tatum, acting within the scope of her employment as a police officer/detective with the West Palm Beach Police Department, arrested Gardner charging him in the Probable Cause Affidavit (hereinafter, the "PC Affidavit") with: (i) Sexual Battery Solicit Act by Custodian on 12YOA Under 18 in violation of Florida Statute 794.011(8)(b) (sexual battery of a person 12YOA or older but younger than 18, a first-degree felony punishable by life in prison); (ii) Lewd/Lascivious Act-Molest 12 to 16 YOA Offender over 18 in violation of Florida Statute 800.04(5)(c)(2) (offender 18 years or older who commits lewd / lascivious molestation against a victim 12 years or older but less than 18 years of age, a second-degree felony (punishable by up to 15 years in prison); and (iii) Shelter or Aid Unmarried Minor Runaway in violation of Florida

Statute 985.731(1)(a), a first-degree misdemeanor with up to 1 year in jail). A copy of Tatum's PC Affidavit is attached hereto as Exhibit "A."

9. On or about April 29, 2019, based on Tatum's PC Affidavit, the State of Florida State Attorney's Office filed its Information [charging document] charging Gardner in Count I with attempt to commit lewd or lascivious battery, a third-degree felony punishable by up to five (5) years in prison; and in Count II, lewd or lascivious molestation, a second-degree felony punishable by up to 15-years in prison.

10. The City violated Gardner's Fourth Amendment right to be free from unreasonable seizures and additionally deprived Gardner of his freedom and liberty and restrained him in his movements against his will and without consent.

11. Tatum violated Gardner's Fourth Amendment right to be free from unreasonable seizures and additionally deprived Gardner of his freedom of liberty and restrained him in his movements against his will and without consent. In addition, Tatum established a malicious prosecution against Gardner based on the lack of probable cause for commencement of the proceeding.

12. After over two (2) years of extensive litigation, criminal proceedings were resolved in favor of Gardner by the State Attorney's refusal to continue prosecution instituted by Tatum and the entry of a nolle prosse as to Gardner on June 7, 2021.

## FACTS

13. On or about September 6, 2017, Gardner applied to be a volunteer guardian ad litem ("GAL") and was approved after a thorough background check on or about November 2, 2017.

14. On or about March 14, 2018, Gardner was assigned as a GAL to M.F. who at the time was a 15-year-old boy.

15. In the PC Affidavit sworn to by Tatum, the incident alleged by Tatum occurred during the period October 1, 2018 through October 10, 2018.

16. On or about March 5, 2019, while being transported to the Hernando County Courthouse to attend a hearing, M.F. made certain the allegations against Gardner.

17. On April 2, 2019, prior to arresting Gardner, Tatum spoke with the only corroborating eyewitness, who was with M.F. during the period of time of M.F.'s allegations against Gardner, Manrique Gomez Abreu ("Abreu"). Abreu in his sworn interview told Tatum that M.F. was not telling the truth and that Gardner was never inappropriate towards him or M.F.; there was no sexual conduct at all between M.F. and Gardner.

18. On or about April 3, 2019, prior to arresting Gardner, Tatum reviewed the Forensic Review Report prepared by Allison Ogden, a Child Protection Team (CPT) investigator with the Department of Children and Families, which summarized Ogden's March 20, 2019 CPT interview of M.F. but omitted that M.F. refused to do a controlled call with Gardner after the CPT interview. There are numerous inconsistencies between the allegations contained in the Forensic Review Report and Tatum's investigation, both before April 3, 2019 and after. Because of the inconsistencies between the Forensic Review Report and her interviews with Abreu and others, Tatum should have investigated M.F.'s allegations further prior to preparing the PC Affidavit and arresting Gardner on April 9, 2019. Tatum had no substantial information from her short investigation to support M.F.'s claims against Gardner.

19. On April 4, 2019, Tatum interviewed Omarion Watson. Watson told Tatum that Gardner was his GAL for about six (6) months; never went to Gardner's residence; never witnessed any inappropriate behavior between Gardner and M.F. when Gardner would visit him and M.F. at HomeSafe; Gardner never made him feel uncomfortable; Gardner never had any inappropriate or sexual contact with him; Gardner never offered to take Watson to Gardner's residence; Gardner was never inappropriate with him when they would go out to events [car shows, out to eat]; and M.F. never said anything to him [Watson] about Gardner.

20. During the period of April 4, 2019 through April 5, 2019, prior to arresting Gardner, Tatum and other detectives and officers with The City's police department interviewed the coach and 17 students of the Wellington High School wrestling team. The coach and the students maintained that at no time when Gardner was serving as the volunteer dermatologist to detect any skin diseases to prevent them from possibly wrestling, did he do anything inappropriate or act inappropriately.

21. Between April 4, 2019 and April 8, 2019, prior to arresting Gardner, Tatum had the wrestling coach Travis Gray conduct a controlled telephone call with Gardner. At no time during that controlled call did Gardner admit any inappropriate contact with M.F. In fact, Gardner vehemently denied that he had inappropriate contact with M.F.

22. Without further investigation and without fully substantiating M.F.'s allegations against Gardner, Tatum arrested Gardner on April 9, 2019.

23. Within days after Gardner's arrest, Tatum conducted a telephone interview with M.F.'s grandfather, Isidoro Anfuso ("Anfuso"). Anfuso told Tatum that he had asked M.F. if

Gardner was inappropriate with him or if Gardner touched him in any way and M.F. always said no.

**COUNT I**

FALSE ARREST - IMPRISONMENT AGAINST
DEFENDANT, CITY OF WEST PALM BEACH

Plaintiff Dr. Mark Robert Gardner, sues the City of West Palm Beach and alleges:

24. The allegations contained in paragraphs 1 through 23, are realleged to this Count as if specifically pled herein.

25. The one (1) sided allegations contained in Tatum's PC Affidavit were fraudulent and there was no competent or substantiated evidence to support the allegations. The PC Affidavit contained no reasonably trustworthy information; contained significant contradictions and omitted exculpatory evidence, all of which did not establish competent evidence to support a true finding of probable cause for Tatum to arrest Gardner on April 9, 2019.

26. Gardner was transported to the Palm Beach County Jail and upon his arrival was held with no bond. At his first appearance, the judge required a bond in the amount of $80,000 based on the charges contained in the PC Affidavit, and eventually Gardner was able to obtain his release.

27. Tatum or employees of The City deprived Gardner of his Fourth Amendment rights and his freedom and liberty, and they restrained him in his movements.

28. Gardner did not consent to the aforementioned action of The City, agents and employees, and said actions were against the will of Gardner. The restraint of Gardner, for which

The City and Tatum are responsible, was unlawful and unreasonable in that it was not based upon lawfully issued process of court.

29. The State Attorney's Office relied on the misleading PC Affidavit, which contained no reasonably trustworthy information. It omitted the known facts, including exculpatory facts, which would have established no competent evidence to support a finding of probable cause filed in the two (2) Count felony Information against Gardner.

30. Gardner served as a dermatologist physician for many years. Because of his arrest, he has suffered damage to his reputation, some of which was caused by dissemination of his photograph by The City/Palm Beach County Sheriff's Office on the internet and elsewhere. Negative publicity included reports by the local news agencies [WPTV and CBS12], as well as an article in The Palm Beach Post, all of which were a result of the wrongful actions of the City and Tatum as described herein.

31. Gardner was not involved at any time with any type of sexual conduct with M.F. when he was M.F.'s volunteer guardian ad litem.

32. Late in the case, in 2021, the prosecuting attorney presented a plea offer down filing the felony charges to a misdemeanor charge to resolve the case. Gardner did not accept the plea offer, as the allegations that M.F. made against him were untrue.

33. When Gardner's attorney wanted to schedule M.F.'s deposition, the prosecuting attorney advised him that if he proceeded to depose M.F., the State would rescind the plea offer.

34. On April 16, 2021, the prosecuting attorney met with M.F. and subsequently filed the State's Notice of Exculpatory Material advising the undersigned counsel for Gardner that "On

04/16/2021 the Victim [M.F.], informed the State's Attorney's Office that the Defendant 'didn't do it'" and that "[h]e [M.F.] lied and made this up."

35. At his April 19, 2019 deposition, M.F. testified under oath that: (i) he had lied and that nothing sexual happened; (ii) Gardner never gave him marijuana; and (iii) that when Tatum spoke with Abreu on April 2, 2019, Abreu was telling the truth that nothing sexual happened and that Gardner never gave marijuana to him or Abreu. On June 7, 2021, the State filed its nolle prosse, dropping the charges against Gardner.

36. During the time that Gardner was charged with these sexual offenses, he suffered mental and emotional anguish, anxiety, fear, humiliation, embarrassment, shame and disgrace, all of which lasts to this day and will likely continue in the future.

WHEREFORE, Plaintiff, Dr. Mark Robert Gardner demands compensatory damages and costs of this action from Defendant the City of West Palm Beach, a municipal corporation by its Mayor, Keith A. James only as to this Count and demands trial by jury of all issues triable as a right by jury.

**COUNT II**

MALICIOUS PROSECUTION AGAINST
DEFENDANT, BRITTANY TATUM

Plaintiff, Dr. Mark Robert Gardner, sues Brittany Tatum and alleges:

37. The allegations contained in paragraphs 1 through 23 and 25 through 36, are realleged as if specifically pled herein.

38. Said prosecution was instituted by Tatum without probable cause as to the facts observed by and known to Tatum prior to arresting Gardner, and the matters known to her before

instituting the aforementioned prosecution would not have warranted a reasonable person to believe that any criminal offense had been committed by Gardner.

39. On March 27, 2019, Tatum, along with another officer/detective, went to Gardner's residence where they surreptitiously interviewed Gardner. During this surreptitious interview, Gardner advised Tatum that he was gay and was attracted to men and not boys and further Gardner denied all of the allegations that M.F. made against him.

40. Contrary to the PC Affidavit, this was not a sworn consensual statement but a surreptitious interview. In addition, Tatum indicates "The DEFENDANT stated that he laid in the bed with the victim [M.F.] and the victim hugged him from behind. He was unaware if the victim had an erection and denied any sexual interaction with the victim." Specifically, Gardner told Tatum that he <u>never</u> slept in the same bed with M.F., they would <u>sit</u> in the bed fully clothed and watch television/movies. Sometimes he would let M.F. sleep in his bed <u>alone</u> because M.F. would not take his medication. Gardner further told Tatum that he was unaware if M.F. had an erection and absolutely and unequivocally <u>denied</u> any sexual interaction with M.F. whatsoever. This is clear throughout Gardner's surreptitious interview by Tatum.

41. Because of Gardner's arrest, he did not return as the volunteer dermatologist for the Wellington High School Wrestling Team and was discharged from the Guardian ad Litem Program as a volunteer guardian ad litem on April 1, 2019.

42. Tatum ignored her April 2, 2019, interview of Abreu, the only eyewitness, who told her that at no time when he [Abreu] and M.F. were at Gardner's residence, did Gardner gave him and/or M.F. marijuana. Abreu said that there was no inappropriate contact between M.F. and Gardner. Tatum, in her PC Affidavit at page 2, with malicious intent, fabricated the allegation that

"Police reports and an interview with the aforementioned juvenile runaway friend [Abreu] corroborated the above statements [i.e., the statements Tatum made in her PC Affidavit]." Tatum knew this allegation was not true.

43. Tatum, in order to bolster the unfounded and salacious allegations made by M.F. against Gardner, speculated in her PC Affidavit that because Gardner selected males between the ages of 8 -18 in the General Preferences as part of Gardner's GAL application to become a volunteer guardian ad litem, that Gardner's sexual preference led to sexual perversion in which male boys are the preferred sexual object.

44. Thus, with malice and without reasonable probable cause, Tatum maliciously and intentionally speculated that because Gardner had selected boys between the ages of 8 - 18, Gardner was a pedophile preying on M.F., a minor.

45. Upon information and belief, Tatum did not do her due diligence as she did not investigate M.F.'s background, which would have included her reviewing Incident Reports in Palm Beach County and Broward County and filed cases, which reflected that M.F. had been Baker Acted on numerous occasions.

46. Upon information and belief, after Tatum executed the Probable Cause Affidavit and arrested Gardner on April 9, 2019, prior to turning over her investigation file which included audios of her interviews to the State Attorney's office.

47. Criminal prosecution of Gardner was instituted in the Circuit Court of the Fifteenth Judicial Circuit, in and for Palm Beach County, Florida, Criminal Division, Case No.: 50-2019-CF-003350-AXXX-MB (X) on or about April 9, 2019, based on unsubstantiated allegations contained in Tatum's PC Affidavit.

48. The State filed its Information on April 29, 2019 charging Gardner with serious sex crimes against M.F., a child.

49. On December 18, 2019, the undersigned took the sworn deposition of the only eyewitness to M.F.'s allegations against Gardner, Abreu. Abreu again stated that M.F.'s allegations against Gardner were a "lie", that M.F. "lied", that M.F. was an "untruthful person", that M.F. was "full of lies", and that at no time did M.F. tell him that Gardner did anything that M.F. alleged was done to him sexually.

50. Abreu further testified that not only did he not see marijuana at Gardner's residence, but that Gardner did not smoke "weed." He would have known because he would have "[s]melled it."

51. Abreu's deposition testimony corroborated the statements he made to Tatum when she interviewed him on April 2, 2019 <u>before</u> Gardner's arrest.

52. On April 16, 2021, the State filed its Notice of Exculpatory Material (the "Notice") advising counsel for the Defendant that "On 04/16/2021 the Victim [M.F.], informed the State's Attorney's Office that the Defendant 'didn't do it'" and that "[h]e [M.F.] lied and made this up."

53. In order to preserve the record, on April 19, 2019, counsel for Gardner with the prosecuting attorney in attendance, deposed M.F. in Atlanta, Georgia whereby M.F. testified under oath that: (i) he had lied and that nothing sexual happened; (ii) Gardner never gave him marijuana; and (iii) that when Tatum spoke with Abreu on April 2, 2019, Abreu was telling the truth that nothing sexual happened and that Gardner never gave marijuana to him or Abreu.

54. The prosecutions of Gardner continued until June 7, 2021, 52-days after the State filed its Notice of Exculpatory Material and over two (2) years after Tatum arrested Gardner with the end result being a bona fide dismissal of criminal proceedings in Gardner's favor.

55. Tatum acted with malice in instituting the aforesaid prosecution, which is implied by the lack of probable cause and/or with express malice. She showed reckless disregard for the rights of Gardner and displayed homophobia, animosity and hostility towards Gardner. Tatum made material misstatements of fact in support of the prosecution.

56. There was no probable cause for the prosecutions of Gardner since the allegations submitted by Tatum in her PC Affidavit were false, incomplete, unreliable, untruthful and not supported by the facts Tatum received during her investigation. The PC Affidavit was flawed and incomplete, and if the State Attorney knew of the misstatements in all likelihood charges would not have been filed.

57. Tatum swore to matters of fact which she knew were not true or swore to facts with reckless and wanton disregard for the truth. She recklessly failed to investigate and substantiate the allegations to ensure that they were true, which should have included an investigation into M.F.'s background.

58. Since the time that Gardner was arrested and charged with these sexual offenses, not only was it known to many persons personally known to Gardner, that as a result Gardner suffers from depression, sleep deprivation, discomfort, emotional anguish, anxiety, fear, humiliation, embarrassment, damage to his reputation, and disgrace, all of which the emotional damage and reputation damage are continuing to this day and are likely to continue in the future. Also, Gardner has suffered significant damage to his reputation, some of which was caused by the

dissemination of his photograph by the Palm Beach Sheriff's Office on the internet, local news agencies [WPTV and CBS12] both online and in news casts, and an article published in The Palm Beach Post, all of which were results of the wrongful actions of The City as described herein.

59. The fact of Gardner's prosecutions became known to many persons personally known to Gardner. The false allegations became a part of the Public Records of Palm Beach County and appear on court documents available to the public. They are also available publicly on the internet.

60. Gardner incurred significant attorneys' fees and costs during the prosecutions for which Tatum is responsible.

WHEREFORE, Plaintiff Dr. Mark Robert Gardner demands judgment against the Defendant, Brittany Tatum for compensatory damages and costs of this action and demands trial by jury of all issues triable as a right by jury.

Respectfully submitted,

MITCHELL J. BEERS, P.A.
Attorney for Plaintiff
Harbour Financial Center
2401 PGA Blvd.; Suite 280-A
Palm Beach Gardens, FL 33410
(561) 622-8100 - Office
(561) 622-3460 - Facsimile
Primary E-Mail: mbeers@mbeerslaw.com
Secondary E-Mail: kkey@mbeerslaw.com

Mitchell J. Beers
Florida Bar No.: 197637

Jkt# 0506902 N/C 19CF3350 P chf 1198

ARREST / NOTICE TO APPEAR

Juvenile: 1

| Field | Value |
|---|---|
| Agency ORI Number | 0500800 |
| Agency Name | West Palm Beach Police Department |
| Agency Report Number | 9 , 4 , 2019-0004636 |
| Charge Type | ☒ 1 Felony ☒ 3 Misdemeanor |
| If Weapon Seized / Enter Type | NOT APPLICABLE |
| Location of Arrest | 2828 KITTBUCK WAY |
| Location of Offense | 2828 KITTBUCK WAY, WEST PALM BEACH, FL 33411 |
| Date of Arrest | 04/09/2019 |
| Time of Arrest | 13:55 |
| Name (Last, First, Middle) | GARDNER, MICHAEL ROBERT |
| Alias | |
| Race | W |
| Sex | M |
| Date of Birth | 01/29/1956 |
| Height | 6'00 |
| Weight | 260 |
| Eye Color | Blue |
| Hair Color | Grey |
| Complexion | FAIR |
| Build | Med |
| Marital Status | S |
| Indication of Alcohol Influence / Drug Influence | No |
| Local Address | 2828 KITTBUCK WAY, WEST PALM BEACH, FL 33411 |
| Phone | (561) 242-4723 |
| Residence Type | 1 City 1 |
| Permanent Address | 2828 KITTBUCK WAY, WEST PALM BEACH, FL 33411 |
| Phone | (561) 242-4723 |
| Address Source | DL |
| Occupation | Dermatologist |
| D/L Number, State | G635556560290 / FL |
| Soc. Sec. Number | [redacted] |
| Place of Birth (City, State) | Hackensack NEW JERSEY, NJ |
| Citizenship | US |

1 - No Bond
2 - No Bond
3 - OR
4 - OR

The above address was provided by ☐ defendant and/or ☐ defendant's parents. The child and/or parent was told to keep the Juvenile Court Clerk's Office (Phone 355-2526) informed of any change of address.

Property Crime? ☐ Yes ☒ No

| Charge | Charge Description | Statute Violation Number | Drug Type | Counts | Domestic Violence |
|---|---|---|---|---|---|
| 1 | SEXUAL BATTERY SOLICT ACT BY CUSTODIAN ON 12YOA UNDER 18 | 794.011(8B) | N | 1 | ☐ Y ☒ N |
| 2 | LEWD/LASCIVIOUS ACT-MOLEST 12-16 YOA OFFENDER OVER 18 | 800.04(5C2) | N | 1 | ☐ Y ☒ N |
| 3 | SHELTER OR AID UNMARRIED MINOR RUNAWAY | 985.731 (1A) | N | 1 | ☐ Y ☒ N |

☒ INSTRUCTION NO. 1 - Mandatory appearance in court
☐ INSTRUCTION NO. 2 - You need not appear in Court but must comply with instructions on Page 2.

No Photo Available

I AGREE TO APPEAR AT THE TIME AND PLACE DESIGNATED TO ANSWER THE OFFENSE CHARGED OR TO PAY THE FINE SUBSCRIBED. I UNDERSTAND THAT SHOULD I WILLFULLY FAIL TO APPEAR BEFORE THE COURT AS REQUIRED BY THIS NOTICE TO APPEAR, THAT I MAY BE HELD IN CONTEMPT OF COURT AND A WARRANT FOR MY ARREST SHALL BE ISSUED.

Signature of Defendant (or Juvenile and Parent/Custodian) — Date Signed

Signature of Arresting Officer: Btat #1910

Name of Arresting Officer (Print): TATUM, BRITTANY — ID #: 01900

Intake Deputy: D/S B. SHATARA #7623

Transporting Officer: C. Marento — ID #: 2118 — Agency: WPPD

PAGE 1 OF 2

☐ COURT ☐ STATE ATTORNEY ☐ AGENCY ☐ CENTRAL RECORDS ☐ JAIL ☐ CRIME ANALYSIS ☐ P.I.O. ☐ DEFENDANT

**Defendant's Exhibit "A"**

## ARREST / NOTICE TO APPEAR
### Additional Charge List

| Agency ORI Number | Agency Name | Agency Report Number (N T A 's only) |
|---|---|---|
| 0500800 | West Palm Beach Police Department | 9 . 4 2019-0004636 |

**CODE**

Drug Activity: N N/A, P Possess, S Sell, B Buy, T Traffic, R Smuggle, D Deliver, E Use, K Dispense/Distribute, M Manufacture/Produce/Cultivate, Z Other

Drug Type: N N/A, A Amphetamine, B Barbiturate, C Cocaine, E Heroin, H Hallucinogen, M Marijuana, O Opium/Deriv, P Paraphernalia/Equipment, S Synthetic, U Unknown, Z Other

**CHARGE**

| Charge Description | Statute Violation Number | Violation of ORD # |
|---|---|---|
| CONTRIBUTE TO DELINQUENCY OR DEPENDENCY OF A MINOR | 827.04(1)(A) | |

| Drug Activity | Drug Type | Amount / Unit | Offense # | Counts | Domestic Violence | Warrant / Capias Number | Bond |
|---|---|---|---|---|---|---|---|
| | | / | | 1 | ☐ Y ☒ N | | |

**CHARGE**

| Charge Description | Statute Violation Number | Violation of ORD # |
|---|---|---|
| ~~ATTEMPT SOLICIT CONSPIRE~~ CM | ~~777.04~~ | |

| Drug Activity | Drug Type | Amount / Unit | Offense # | Counts | Domestic Violence | Warrant / Capias Number | Bond |
|---|---|---|---|---|---|---|---|
| | | / | | 1 | ☐ Y ☒ N | | |



# City of West Palm Beach Police Department

## PROBABLE CAUSE AFFIDAVIT

OBTS # FL0500800 CASE #2019-0004636

DEFENDANT: Mark Robert Gardner Race:W Sex:M DOB: 01/29/1956

Between the dates of October 1-10, 2018, the crimes of Attempted Sexual Battery, Lewd or Lascivious Molestation, Contributing to the Delinquency of a Minor and Sheltering Unmarried Minors occurred at 2828 Kittbuck Way, West Palm Beach, Palm Beach County, Florida.

During a Child Protection Team forensic interview, the 15-year-old victim said he ran away from his group home with a juvenile friend, and went to his Guardian ad Litem's (GAL)(63-year old, Mark Gardner - DEFENDANT) residence located at 2828 Kittbuck Way. The victim said that he and the DEFENDANT are "cool" and he would normally call the DEFENDANT when he ran away and would stay at his residence. The DEFENDANT would frequently take him out to eat and buy him merchandise. While spending the night at the DEFENDANTS residence, the DEFENDANT gave the victim and his juvenile friend marijuana. They smoked the marijuana at which time the victim became tired and laid down on the DEFENDANT's bed. The victim later woke up and observed the DEFENDANT standing nearby wearing only boxers (underwear). The DEFENDANT then laid down on his side pressing his front side against the victims back side. The DEFENDANT put his arms around the victim and began "rubbing" his buttocks. The DEFENDANT pulled down the victim's pants and underwear, placed his arms around the victim's body and began "humping" him. The DEFENDANT then attempted to force penile-anal penetration but was unsuccessful. The DEFENDANT stopped and the victim fell asleep. The victim stated he felt weak from the marijuana and was unable to fight the DEFENDANT off. The following day, the DEFENDANT gave the victim approximately $20.00 cash and $120.00 worth of marijuana. The victim stated that the DEFENDANT offered to let him move into his house when he turned 18 and he would buy him things. The victim stated that the DEFENDANT wanted to be his "sugar daddy."

During a sworn consensual statement, the DEFENDANT confirmed that he was the victim's GAL. While in said position, he would check him out of his group home and purchase him clothing, shoes, and they would go out to eat and to the movies. The DEFENDANT said he allowed the victim and juvenile friend to sleep at his residence for two nights while he knew the victim and his friend were both on active runaway status from their group home. The DEFENDANT stated that he laid in the

SWORN AND SUBSCRIBED before me

OFFICER (F.S.S. 117.10)
Detective Mark Vertefeuille #1788

April 9, 2019

#1900

SIGNATURE OF ARRESTING OFC
*Detective Brittany Tatum #1900*
April 9, 2019



# City of West Palm Beach Police Department

## PROBABLE CAUSE AFFIDAVIT

OBTS # FL0500800 CASE #2019-0004636

DEFENDANT: Mark Robert Gardner Race:W Sex:M DOB: 01/29/1956

[redacted] bed with the victim and the victim hugged him from behind. He was unaware if the victim had an erection and denied any sexual interaction with the victim. The DEFENDANT denied giving the victim marijuana, but stated that the victim smoked a blunt (marijuana cigarette) in the rear of the residence with his juvenile friend. The DEFENDANT stated that the victim expressed his attraction to him, asked him to shower together and when they were in the car together the victim would pull down his own pants. The DEFENDANT stated that he refused these actions because the victim was a minor.

Police reports and an interview with the aforementioned juvenile runaway friend corroborated the above statements.

In November 2018, the DEFENDANT was released as the victim's GAL due to the victim's relocation to [redacted]. The DEFENDANT asked for and was granted permission to maintain contact with the victim, but he was not allowed to check him out of any facility without prior permission. In March 2019, the DEFENDANT traveled to [redacted] (without permission) where the victim was residing in a group home. The DEFENDANT checked him out of the facility using his GAL privileges and ID badge. The DEFENDANT took the victim shopping, purchased him a cellular telephone and took him to the movies. The DEFENDANT misrepresented himself to the facility as the victim's current GAL.

It should be noted that the DEFENDANT is a licensed medical doctor and is volunteering at Palm Beach County High School's as a volunteer Dermatologist in the athletic department. On the DEFENDANT's GAL application, under General Preferences, the DEFENDANT selected males between the ages of 8-18.

Based on the aforementioned, I find probable cause exists to arrest Mark R. Gardner and charge him in violation of F.S.S. 777.04 and 794.011(8b) Attempted Sexual Battery Custodial, F.S.S. 800.04(5C2) Lewd or lascivious Molestation, F.S.S. 827.04(1A) Contributing to the Delinquency of a Minor and F.S.S. 985.731 Sheltering Unmarried Minor.

SWORN AND SUBSCRIBED before me

[signature]

OFFICER (F.S.S. 117.10)
Detective Mark Vertefeuille #1788

April 9, 2019

[signature]

SIGNATURE OF ARRESTING OFC
*Detective Brittany Tatum #1900*
April 9, 2019

# VICTIM NOTIFICATION FORM

This form must be filled out in a case involving one of the following crimes.

- **Homicide** (Ch 782)
- **Sexual Offense** (Ch. 794)
- **Attempted Murder**
- **Attempted Sexual Offense**
- **Stalking** (S. 784.048)
- **Domestic Violence** - (This includes any assault, agg. assault, battery, agg. battery, sexual assault, sexual battery, stalking, agg. stalking or any criminal offense resulting in physical injury or death of one family member or household member by another, who is or was residing in the same single dwelling.

**Upon completion, this form must accompany the booking paperwork. If applying for a warrant, attach this form to the filing packet.**

1. Incident Report #. 2019-4636 Agency: West Palm Beach Police
   Offense: Sexual Battery
   Suspect/Offender: Gardner, Mark
   D.O.B. 1/29/56 Race: W Sex: M

2. Warrant #(s) ______

3. Complete one (1) of the following:

   a. [redacted]

   b. [redacted]

   c. Victim's designated contact other than next of kin (for example: a friend or neighbor):
   Name: ______
   Address: ______
   City: ______ State: ______ Zip: ______
   Home #: ______ Work#: ______ Other: ______

4. Relevant identification or case numbers assigned to the case (please specify).
   ______

**WAIVER:** I CHOOSE NOT TO COMPLETE THIS VICTIM NOTIFICATION FORM, AND UNDERSTAND THAT I AM WAIVING MY RIGHT TO BE NOTIFIED OF THE RELEASE OF THE SUSPECT/OFFENDER.

Signature of person waiving notification: ______
Printed name of person waiving notification: ______

Officer's Name: ______ I.D.: ______ Date: ______

WHITE - Rough Arrest and or Warrant YELLOW - C.I.D. PINK - Records

FORM#550-D

SUSPECT/OFFENDER: ______

COURT CASE/WARRANT# ______
(FOR WATTANTS USE ONLY)



PALM BEACH COUNTY
SHERIFF'S OFFICE
Florida State Statute Exemption Sheet

## Palm Beach County Sheriff's Office – Arrests Only

| Category | X | Florida State Statute | Description | Page Number(s) |
|---|---|---|---|---|
| L/E Exemptions | ☐ | 119.071(2)(d) | Surveillance techniques, procedures and personnel; inventory of law enforcement resources, policies or plans pertaining to mobilization deployment or tactical operations. | |
| | ☐ | 943.053, 943.0525 | NCIC/FCIC/FBI and In-state FDLE/DOC. | |
| | ☐ | 119.071(4)(c) | Undercover personnel. | |
| | ☐ | 119.071(2)(f) | Confidential informants (CIs). | |
| | ☐ | 119.071(2)(e) | Confession. | |
| Public Info. Exemptions | ☐ | 985.04(1) | Juvenile offender records. | |
| | ☐ | 119.071(h)(i) | Assets of a crime victim. | |
| | ☐ | 395.3025(7)(a), 456.057(7)(a) | Medical information. | |
| | ☐ | 394.4615(7) | Mental health information. | |
| | ☐ | 119.071(4)(d)(2)(a) | Home address, telephone, Social Security number, date of birth, or photos of active/former LE personnel, spouses, and children. | |
| Florida Rules of Judicial Administration 2.420 (Rule of 23) | ☒ | (iii) 119.0714(1)(i)-(j), (2)(a)-(e) | Social Security, bank account, charge, debit, and credit card numbers. | 2 |
| | ☐ | (viii) 394.4615(7) | Clinical records under the Baker Act. | |
| | ☐ | (xii) 741.30(3)(b) | The victim's address in a domestic violence action on petitioner's request. | |
| | ☐ | (xiii) 119.071(2)(h), 119.0714(1)(h) | Protected information regarding victims of child abuse or sexual offenses. | |
| | ☐ | | | |
| | ☐ | | | |
| | ☐ | | | |
| | ☐ | | | |
| | ☐ | | | |
| Other | ☐ | | Other: | |
| | ☐ | | Other: | |

**REVIEW COMPLETED BY**

| Booking Number: 2019011811 | Date: 4/9/2019 |
|---|---|
| | Specialist Name/ID: J. Beck/9007 |